## SATOR v GADFIELD

Ohio Appeals, 9th Dist, Lorain Co
No 532.   Decided Oct. 21, 1930

Hugh A. McNamee, for Sator.
A. Z. Tillotson, Oberlin, for Gadfield.

PER CURIAM

The only complaint made in this court by

the defendant relates solely to the question of agency of the defendant's step-son—the defendant claiming that the court committed prejudicial error in its charge to the jury upon that subject.

The step-son of said defendant is one Albert Gates, a minor, whose mother married the defendant when said minor was about 12 years of age. The defendant and his wife and said minor, and the defendant's children by a former marriage, lived together in Pittsfield township in said county at the time of said accident. Title to the home in which they lived was in the name of Robert Sator and his said wife.

Albert Gates was a high school student and was on his way from his home to school at the time of the collision. He had an estate of his own, the National Bank of Commerce at Lorain being the guardian of said estate, and from the funds in its hands the guardian bought said car for said minor, although the bill of sale was taken in the name of said defendant. From funds in the hands of said guardian money is turned over to his mother, a part of which is used for the board and maintenance of said minor, and the balance is used in paying other expenses, including maintenance of the automobile. The evidence shows that defendant never paid any expenses connected with said automobile and that he had never used or driven said automobile. The evidence further shows that the car was used exclusively by said Albert Gates, with the consent of said defendant.

A direct issue was made by the pleadings as to whether said Albert Gates was or was not the agent of said defendant at the time of the accident, and after the court had stated to the jury that to hold the defendant liable for damages in this action, one of the things necessary to prove was that the step-son was operating the defendant's car at the time of the collision as the agent or by direction of the defendant, the court proceeded to say—

"I say to you that in determining that question, if you find from the evidence that the step-son was living with the step-father and his mother as a part of the family, and you further find from the evidence that the defendant authorized the step-son to use the car on the occasion in question to convey himself to the school at Wellington, and that he desired he should attend the Wellington school, then in that event I say to you if you thus find from the evidence the step-father would be liable for the acts of the step-son in driving his car the same as though he had been the one who in person himself had operated the car at the time of the accident."

It was admitted in the trial that said minor was living with his step-father and his mother as a part of one family, and that the defendant authorized the step-son to use said car on said occasion to convey said step-son to the school at Wellington; and the evidence tended to show that the defendant desired the step-son to attend the school in Wellington.

The foregoing facts were conceded, but the court proceeded to charge the jury that if they should find these conceded facts to be true, then the defendant would be liable for the acts of the step-son in driving said car.

In so charging we think the court committed prejudicial error. There was no legal obligation upon the defendant to send his step-son to school or to furnish him a conveyance therefor. The step-son had a guardian of his estate and was living with his own mother. The car had been purchased with his own funds, and there is no evidence, either express or implied, that the step-son was acting as the agent of the defendant. The step-son, so far as the defendant was concerned, was upon his own business, without any supervision or control by the defendant.

For error in the charge of the court, the judgment is reversed and the cause remanded.

Funk, PJ, Pardee, J, and Washburn, J, concur.